KAREN P. HEWITT
United States Attorney
CHRISTOPHER P. TENORIO
Assistant U.S. Attorney
California State Bar No. 166022
880 Front Street, Suite 6293
San Diego, California  92101-8893
Telephone: (619) 557-7843
Christopher.Tenorio@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>     v.<br><br>HAMILTON SILVA-VASQUEZ,<br><br>             Defendant. | **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS:**<br>**1)   COMPEL DISCOVERY; AND,**<br>**2)   GRANT LEAVE TO FILE FURTHER MOTIONS.**<br><br>CASE:      08CR2424-BTM<br>JUDGE:     HON. BARRY TED MOSKOWITZ<br>COURT:     COURTROOM 15<br>DATE:      AUGUST 29, 2008<br>TIME:      8:30 a.m.<br><br>TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Christopher P. Tenorio, Assistant United States Attorney, and hereby files its response and opposition to Defendant's above-referenced motions. Said response is based upon the files and records of the case, together with the attached Statement of Facts and Memorandum of Points and Authorities.

//

//

//

**I.**

**STATEMENT OF FACTS**

**A.   PRESENT OFFENSE**

On June 29, 2008, at approximately 2:54 a.m., Defendant Hamilton Silva-Vasquez applied for entry into the United States at the pedestrian primary lanes at the San Ysidro Port of Entry. Defendant told Customs and Border Protection (CBP) Officer Ivonne Garcia that he had lost his identification documents in Mexico but claimed to be a Permanent Resident of the United States. Officer Garcia referred Defendant to secondary inspection.

In secondary inspection, CBP Officer Sa. Guzman processed Defendant's fingerprints through the Integrated Automated Fingerprint Identification System (IAFIS) and obtained Defendant's true name and criminal record. Additional inquiries into the Immigration Central Index System (CIS), and Deportable Alien Control System (DACS) revealed that Defendant has no legal immigration status in the United States and was previously deported on May 9, 2003.

At approximately 4:40 p.m., CBP Officers J. James and N. Gonzales advised Defendant of his <u>Miranda</u> rights in English. Defendant stated he understood his rights and was willing to waive his rights and answer questions. Defendant appeared lucid, did not appear to be ill, intoxicated, or under the influence of drugs. Defendant was alert, responsive, and appeared capable of communicating - as evidenced by his appropriate responses to questions. Defendant did not appear to be unusually nervous or fearful. The interview was video-recorded.

Defendant admitted that he did not have documents to enter the United States, that he is a citizen of El Salvador by virtue of birth, that he had been released from jail approximately one week prior, and

was deported to Mexico.

Defendant was subsequently indicted on April 23, 2008 for Attempted Entry After Deportation, in violation of Title 8, United States Code, Section 1326(a) and (b).

**B.    PRIOR HISTORY**

**1.    Criminal History**

Defendant's prior criminal convictions include the following. In 1991, Defendant was convicted of Possession of an Assault Weapon (felony), in the Los Angeles County Superior Court.  Defendant was sentenced to two-years' custody in prison.

In 1991, Defendant was convicted of Shooting at an Inhabited Dwelling, and Possession of an Assault Weapon, in the Los Angeles County Superior Court.  Defendant was sentenced to three-years' custody in prison.

Additionally, in 1996, Defendant was convicted of Discharging a Firearm from a vehicle, for which he received 16 months' custody in prison.  In 2003, Defendant was convicted of Corporal Injury and Assault with a Deadly Weapon, for which received 423 days in jail. In 2008, he was convicted and jailed for being under the influence of a controlled substance.

**2.    Immigration History**

Defendant was previously ordered deported by an Immigration Judge on May 6, 1997. The deportation order was subsequently reinstated and Defendant was deported on January 28, 2000 and May 9, 2003.

//
//
//
//

**II.**

**THE GOVERNMENT WILL PROVIDE DISCOVERY AS PROVIDED HEREIN**

Except as described below, the Court should deny Defendant's discovery requests.

### 1. Rule 16(a)(1)(A): Defendant's Statements

The Government has disclosed all known written and statements of the Defendant and the substance of oral statements made by the Defendant in response to questions by government agents in this case.

### 2. Documents, Arrest Reports, and Tangible Evidence

In accordance with obligations under Rule 16(a)(1)(C) and 16(c), the Government will permit the Defendant to inspect and copy or photograph all books, papers, documents, photographs, tangible objects, buildings, or places, or portions thereof, which are within or may come within the possession, custody, or control of the Government, and which are material to the preparation of the Defendant's defense or are intended for use by the Government as evidence-in-chief at trial or were obtained from or belong to the Defendant.

### 3. Rule 16, and Brady: For Exculpatory Evidence

The Government is well aware of, and will fully perform, its duty under, Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976). Accordingly, the Government will disclose exculpatory evidence within its possession that is material to the issue of guilt. Defendant is not entitled to all evidence known or believed to exist which is, or may be, favorable to the accused, or which pertains to the credibility of the Government's case. As the Ninth Circuit Court of Appeals stated in United States v. Gardner, 611 F.2d 770 (9th Cir. 1980):

> [T]he prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality.

Id. at 774-75 (citations omitted). See also United States v. Sukumolachan, 610 F.2d 685, 687 (9th Cir. 1980) (the Government is not required to create non-existent exculpatory material); United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976) (Brady does not create any pretrial discovery privileges not contained in the Federal Rules of Criminal Procedure).

### 4. **Rule 16, and Brady: For Sentencing**

The Government is also well aware of, and will fully perform, its duty under Brady v. Maryland, 373 U.S. 83 (1963) and United States v. Agurs, 427 U.S. 97 (1976) regarding evidence pertaining to punishment. Accordingly, and consistent with its position stated above, the Government will disclose exculpatory evidence within its possession that is material to the issue of punishment.

### 5. **Rule 16(a)(1)(A), (B), and (C): Prior Record**

The Government has already provided Defendant with arrest reports, judgment and conviction documents for prior offenses and other evidence of prior bad acts pursuant to Rules 16(a)(1)(A), (B) and (C).

### 6. **Rule 16(a)(1)(C) and Fed. R. Evid. 404(b): Prior Arrests, Convictions Or Bad Acts**

The Government reserves the right to introduce such prior bad acts, and will address such evidence and its intentions in motions in limine to be filed separately according to the Court's scheduling orders.

//

### 7. Rule 16(a)(1)(C): Evidence Seized

In accordance with obligations under Rule 16(a)(1)(C) and 16(c), the Government will permit the Defendant to inspect and copy or photograph all books, papers, documents, photographs, tangible objects, buildings, or places, or portions thereof, which are within or may come within the possession, custody, or control of the Government, and which are material to the preparation of the Defendant's defense or are intended for use by the Government as evidence-in-chief at trial or were obtained from or belong to the Defendant.

### 8. *Henthorn* Material

Pursuant to United States v. Henthorn, 831 F.2d 29, 30 (9th Cir. 1991), the Government will comply with its responsibilities to review the personnel files of its agents who may serve as witnesses; and the Government will disclose any impeachment information regarding criminal investigations. The Government is presently unaware of any criminal involvement by any prospective government witness, or that any prospective government witness is under investigation. The Government objects to Defendant's request that the Assistant United States Attorney personally review all personnel files of prospective witnesses.

### 9. Expert Witnesses

The Government will meet obligations pursuant to Fed. R. Crim. P. 16(a)(1)(E) to disclose information regarding expert witnesses. The Government anticipates presenting testimony of a fingerprint examination expert witness who will identify Defendant's fingerprints on documents from his A-file. The Government will produce details regarding the nature of the expert's testimony, and the qualifications

of the expert when a trial date is scheduled and any expert is obtained.

### 10. Impeachment Evidence

The Government is unaware of any impeachment evidence of a prospective government witness is biased or prejudiced against Defendant. The Government is aware of, and will comply with, its obligations regarding impeachment evidence pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

### 11. Evidence of Criminal Investigations of Witnesses

The Government is currently unaware of any pending criminal investigations against a prospective government witness is biased or prejudiced against Defendant. The Government will comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963) and provide such evidence if and when it becomes known.

### 12. Evidence of Bias, Motive to Lie of Government Witnesses

The Government is unaware of any evidence indicating that a prospective government witness is biased or prejudiced against Defendant. The Government is also unaware of any evidence that prospective witnesses have a motive to falsify or distort testimony. The Government is aware of, and will comply with, its obligations to provide such evidence pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976)

### 13. Evidence of Criminal Investigation of Witnesses

The Government is unaware of any evidence indicating that a prospective government witness is currently under criminal investigation by the Government.

### 14. Evidence Affecting Perception, Recollection, Ability to Communicate, or Veracity

As addressed in items 12-14 above, the Government is unaware of any evidence affecting the perception, recollection, ability to communicate, or veracity of any prospective Government witness. The Government will provide such evidence pursuant to Brady v. Maryland, 373 U.S. 83 (1963), if and when it comes to light.

### 15. The Government Is Unaware of Favorable Defense Witnesses

The Government is unaware of any witness who made a favorable statement concerning the Defendant, or of any statement that may be favorable to Defendant's defense, which have not already been provided in discovery.

### 16. Jencks Act

Consistent with the Jencks Act, 18 U.S.C. § 3500, the Defendant is not entitled to disclosure of witness statements prior to the witness testifying on direct examination at trial. The Government must produce these statements only after the witness testifies on direct examination. United States v. Taylor, 802 F.2d 1108, 1118 (9th Cir. 1986); United States v. Mills, 641 F.2d 785, 790 (9th Cir. 1981). Indeed, even material believed to be exculpatory and, therefore, subject to disclosure under the Brady doctrine, if contained in a witness statement subject to the Jencks Act, need not be revealed until such time as the witness statement is disclosed under the Act. See United States v. Bernard, 623 F.2d 551, 556 (9th Cir. 1979).

The Government reserves the right to withhold the statements of any particular witnesses until after they testify. However, notwithstanding any statements the Government deems necessary to

withhold, the Government will disclose witness statements prior to trial in as timely a manner as practicable, provided defense counsel has complied with his obligations under Rules 12.1, 12.2, 16 and 26.2 of the Federal Rules of Criminal Procedure, and provided that defense counsel submitted all reciprocal discovery and "reverse Jencks" statements.

The Government will comply with its Rule 26.2 obligation to produce for the Defendant's examination statements of witnesses in the Government's possession after, or shortly before, such witnesses testify on direct examination.  The Government objects to the Defendant's request that such statements be produced at this time. Similarly, if Rule 12(i) becomes relevant pursuant to suppression proceedings, the Government will comply with obligations to produce statements in accordance with Rule 26.1.

### 17. **The Government Will Comply With *Giglio***

The Government has not made any promises, express or implied, to any government witnesses in exchange for their testimony in this case. Therefore, the Government is currently unaware of any discoverable impeachment information pursuant to Giglio v. United States, 405 U.S. 150 (1972).

### 18. **Agreements Between the Government and Witnesses**

Consistent with its obligations pursuant to Giglio, stated above, the Government will provide any agreements with witnesses.  To date, however, none exist.

### 19. **Informants and Cooperating Witnesses**

Consistent with its acknowledged obligation to provide discovery of prospective witnesses' statements, the Government would provide the requested evidence.  To date, however, the Government has not employed

any informants or cooperating witnesses in the present case.

### III.

### THIS COURT SHOULD CONDITIONALLY GRANT LEAVE TO FILE FURTHER MOTIONS

Although the Government does not oppose in principle Defendant's request to file further motions, the Government would oppose the filing of any further substantive motions that would not be entertained by the court until the time set aside for motions in limine. If the defendant foresees the need to file further substantive motions, the Government respectfully requests that the defendant request, and the Court set, a separate date for an additional motion hearing, and that any motions in limine and trial not be set until the conclusion of such hearing.

### IV.

### CONCLUSION

Based on the foregoing, the Court should deny Defendant's motions except where otherwise noted regarding his requests for discovery and leave to file further motions.

DATED:    August 14, 2008

                                    Respectfully submitted,

                                    KAREN P. HEWITT
                                    United States Attorney

                                    *s/ Christopher P. Tenorio*
                                    CHRISTOPHER P. TENORIO
                                    Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>HAMILTON SILVA-VASQUEZ,<br><br>  Defendant. | **CERTIFICATE OF SERVICE**<br><br>CASE:   08CR2424-BTM<br>JUDGE:  HON. BARRY TED MOSKOWITZ<br>COURT:  COURTROOM 15 |

IT IS HEREBY CERTIFIED that:

I, CHRISTOPHER P. TENORIO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS** on **Erick L. Guzman, Esq.** by electronically filing the foregoing with the Clerk of the District Court using its ECF System.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 14, 2008                    Respectfully submitted,

*s/Christopher P. Tenorio*
CHRISTOPHER P. TENORIO
Assistant U.S. Attorney

08CR2424-BTM